Seiders *v.* Creamer.

JOHN SEIDERS, 2d, *versus* CORNELIUS CREAMER.

Where an action of replevin is commenced originally before a justice of the peace, and is carried by appeal to the District Court, and a verdict is given and judgment rendered thereon in that Court, *no appeal* lies therefrom to the Supreme Judicial Court.

THIS action was replevin, and was originally commenced before a justice of the peace, was there tried, and appealed to the District Court. There was a trial in the Court last mentioned at the April Term, 1843, when a verdict was given for the plaintiff, and judgment was rendered thereon. The defendant claimed an appeal and entered into recognizance to prosecute, &c. He entered his appeal at the May Term of the S. J. Court, and the plaintiff there moved to dismiss the action, because no appeal was open to the defendant.

*Bulfinch* and *Kennedy*, for the plaintiff, cited and commented upon the act of amendment to Rev. Stat. p. 764, § 13; Rev. St. c. 116, § 1; Rev. St. c. 130, § 9.

*E. A. Reed*, for the defendant, relied on Rev. St. c. 97, § 13, as conclusive in his favor.

The opinion of the Court was by

WHITMAN C. J.—In all cases of actions tried before justices of the peace the statute provides, in general terms, that an appeal may be taken, by the party aggrieved, to the District Court. And in actions of replevin, tried before a justice of the peace, it is specially provided that such appeal may be had. It is not said, in such case, that an appeal may again be had from the District Court to the Supreme Judicial Court. If it had been intended that an appeal should be permitted, in such actions, to this Court, such a provision might well have been looked for in the same statute granting an appeal to the District Court. It does not seem reasonable to suppose that it could well have been in contemplation, by the Legislature, that causes of minor importance, such as were triable before a justice of the peace, should be carried further than to the District Court, and be allowed three trials in succession, at an enhanced expense.

Seiders *v.* Creamer.

The provision that where a part only of the goods replevied, and of a value less than twenty dollars, shall be found to belong to the plaintiff in replevin, when the action is originated in the District Court, the plaintiff shall recover not over one quarter part of their value for costs, affords a strong indication that the legislature must have contemplated, that actions of such small importance should not be sent to a third trial, when actions of greater magnitude are to be finally disposed of upon a second trial. If it had been intended that actions of such minor importance should be carried by appeal to the Supreme Judicial Court, it would seem that such actions never would have been allowed to be tried, in the first instance, before justices of the peace. It is true that the language of the Revised Statutes, c. 97, § 13, is broad enough to embrace this case; but the literal import of language used in statutes is, often, seemingly at variance with what was obviously intended. In such case the intention, and not the literal import is to govern. In the above section it may well be imagined, that actions, originally triable in the District Court, were alone in the contemplation of the Legislature. It speaks of statements of facts in cases; of actions in which debt or damage exceeded two hundred dollars; and where a verdict had been given; and of other matters not applicable to trials before justices of the peace. The provisions of the act of 1839, c. 373, § 4, establishing the District Court, were equally comprehensive, and of the same import, in relation to actions of replevin, with those in the above section of the Revised Statute. Yet an appeal of an action, originally tried before a justice of the peace, otherwise than by a bill of exceptions, from that Court to this, it is believed, was never heard of. The absurdity of such a procedure may well be believed to have prevented the attempt.

At the common law, and under the judicial systems of the United States, and of many of the individual states, but one trial, as of course, of matters of fact is ever allowed in cases of the greatest importance. Strange indeed would it be, if our legislature should in actions of the most trifling nature, have authorized first a trial before a justice of the peace, and

then subsequently two trials before a jury in succession, first in the District Court and then in this Court. From our earliest judicial history such a practice has been unknown. And hence it may be that it did not occur to the minds of the legislators in the revision of the laws in express terms, to exclude appeals, in such cases, to this Court. This case is very distinguishable from those in which the title to real estate may be brought in question before a justice of the peace, when no trial can be had before him; and when cognizance of the action is immediately transferred to the District Court. Such a proceeding is tantamount to the commencement of the action originally, although circuitously, in that Court.

*Appeal dismissed.*